UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KERRY L. ERICKSON; MARC D. ERICKSON; MICHELLE M. LEAHY; RICHARD A. LEAHY; JOYCE E. MARQUARDT; and DOES 1-237;<br><br>Plaintiffs,<br>v.<br><br>MONSANTO COMPANY, a Delaware corporation; SOLUTIA, INC., a Delaware corporation; PHARMACIA LLC, a Delaware limited liability corporation, f/k/a Pharmacia Corporation; UNION HIGH SCHOOL DISTRICT NO. 402; SNOHOMISH HEALTH DISTRICT; and ROES 1-10;<br><br>Defendants. | No. 2:18-cv-01793 BJR<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

## I. INTRODUCTION

This matter comes before the Court on a Motion to Remand by Plaintiffs Kerry Erickson, Marc Erickson, Michelle Leahy, Richard Leahy, and Joyce Marquardt, seeking remand to King County Superior Court, where this action was originally filed. On December 13, 2018, Defendants Monsanto Company, Solutia, Inc., and Pharmacia LLC ("Monsanto Defendants") removed this case to this Court.[1] The Monsanto Defendants oppose remand, claiming that the two non-diverse

---

[1] On January 28, 2019, the Court ordered the parties in this case and in the nearly identical case, *Heit, et al. v. Monsanto Company, et al.*, 2:18-cv-1849, to show cause why the two cases should not be consolidated. In light of

Defendants, Washington residents Union High School District No. 402 ("Union") and Snohomish Health District ("SHD"), were fraudulently joined solely for the purposes of defeating federal jurisdiction. Thus, the Monsanto Defendants argue, there exists complete diversity between Plaintiffs on the one hand and Defendants on the other, and jurisdiction in this Court is proper. For the following reasons, the Court disagrees and grants Plaintiffs' Motion to Remand.

## II. BACKGROUND

Plaintiffs were at various times teachers and staff at a school located at the Sky Valley Education Center in Monroe, Washington, who claim they suffered injuries from exposure to the synthetic chemicals known as Polychlorinated Biphenyls ("PCBs") present at the school. *See generally* First Am. Compl. ("FAC"), Dkt. No. 1. PCBs are toxic, and were banned for use in the U.S. in the 1970s. *Id*., ¶ 5.9. Plaintiffs allege that the Monsanto Defendants nevertheless manufactured, promoted, and sold PCBs for use in, among other structures, the Sky Valley facility, and that the Monsanto Defendants did so despite having known of the dangers of PCBs since at least the 1930s. *Id*., ¶ 1.1. Plaintiffs claim that SHD and Union also breached their duty to protect Plaintiffs from exposure to PCBs at Sky Valley.

This case is one of over a dozen substantially similar cases involving exposure of various plaintiffs to PCBs at Sky Valley, those cases naming most of the same defendants. *See* Notice of Pendency of Other Actions, Dkt. No. 43. Plaintiffs in this case (as in the others) filed their complaints in King County Superior Court. Defendants removed two of the cases, *Erickson* and *Heit*, to this Court, asserting federal diversity jurisdiction under 28 U.S.C. §§ 1332, 1441 and 1446. Defendants have apparently not attempted to remove the remaining substantially similar cases from state court, presumably because, unlike this case, they include claims against

---

this Order Granting Plaintiffs' Motion to Remand, and the same Order entered in *Heit*, the Court notes that consideration of consolidation is moot.

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 2
*Erickson, et al. v. Monsanto Company, et al.,* No. 2:18-cv-01793 BJR

Washington resident Monroe School District. Those cases are therefore still pending in King County Superior Court.

## III. DISCUSSION

A. <u>Legal Framework for Removal and Fraudulent Joinder</u>

A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). Federal district courts have jurisdiction over claims for more than $75,000 where the citizenship of each plaintiff is diverse from that of each defendant. 28 U.S.C. § 1332(a). Jurisdiction predicated on diversity of citizenship requires complete diversity between the opposing parties. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Courts have developed an exception to the requirement for complete diversity: where a non-diverse defendant has been fraudulently joined solely for the purpose of defeating federal jurisdiction, that defendant will be disregarded for purposes of evaluating federal jurisdiction. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), *quoting McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). In such a case, the district court may ignore the presence of the non-diverse defendant(s) for the purpose of establishing complete diversity, and removal to federal court may be appropriate. *Morris*, 236 F.3d at 1067.

However, Defendants carry the substantial burden of establishing that removal was proper. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042, 1046 (9th Cir. 2009) (citation omitted). The "strong presumption against removal jurisdiction means that the defendant always

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 3
*Erickson, et al. v. Monsanto Company, et al.*, No. 2:18-cv-01793 BJR

has the burden of establishing that removal is proper," and the court resolves all ambiguity in favor of remand to state court. *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam) (internal quotation marks omitted).

Not only is there a "strong presumption" against removal jurisdiction generally, but courts have also recognized a "general presumption" against a finding of fraudulent joinder in particular. *See Hunter*, 582 F.3d at 1046, citing *Hamilton Materials, Inc.*, 494 F.3d at 1206. Thus, "[f]raudulent joinder must be proven by clear and convincing evidence." *Id.* at 1043.

Critically here, the Ninth Circuit has recently cautioned against conflation of the standard for dismissal under Fed. R. Civ. P. 12(b)(6) and the standard for finding fraudulent joinder, which must be more strictly construed. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits."). The standard for finding fraudulent joinder is not the same as whether the plaintiff has stated a claim on which relief can be granted, but is more akin to the "wholly insubstantial and frivolous" standard for dismissing claims under Rule 12(b)(1). *Id.* "A federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" *Id.,* citing *Hunter*, 582 F.3d at 1046 (emphasis in *Grancare*).

B. <u>Whether the Snohomish Health District was Fraudulently Joined</u>

  1. *Plaintiffs' Claims Against SHD*

A substantial portion of Plaintiffs' First Amended Complaint is devoted to allegations involving the Snohomish Health District, including that over decades, SHD had cited the Sky Valley facility for numerous code violations; that during certain periods SHD failed to conduct

annual inspections of the facility; that by 2000, SHD was aware of the presence of PCBs at the school but failed to enforce the removal of the chemicals; and that SHD was aware that students and adults at the school were being sickened as a result of PCB contamination and continued to fail to act to enforce certain health and safety regulations. *See generally* FAC, pp. 49-86. Plaintiffs allege that SHD should have ensured the removal and remediation of PCBs and other toxic chemicals from the school, and that SHD was negligent in not doing so. Plaintiffs further allege that SHD "chose not to act until 2016, when it finally ordered environmental testing and remediation of the hazardous substances in the school buildings." FAC ¶ 6.37.

In short, Plaintiffs claim that SHD's lack of action, particularly in light of its actual knowledge, was negligent.

 2. *The Public Duty Immunity Doctrine and Its Exceptions*

In their Notice of Removal and in their objections to Plaintiffs' Motion to Remand, Defendants argue that SHD is a sham defendant because it is immune from liability under Washington's public duty doctrine. That doctrine requires that for negligence claims against a public entity, a plaintiff must show that "the duty breached was owed to the injured person as an individual and was not merely the breach of an obligation owed to the public in general." *Taylor v. Stevens County*, 111 Wn. 2d 159, 163 (1988).

Plaintiffs respond that at least two recognized "exceptions" to the public duty doctrine apply in this case. First, Plaintiffs argue, the legislative intent exception abrogates any immunity SHD might enjoy under the public duty doctrine. This exception provides that "[l]iability can be founded upon a municipal code if that code by its terms evidences a clear intent to identify and protect a particular and circumscribed class of persons." *Id*. at 164, citing *Halvorson v. Dahl,* 89 Wn. 2d 673, 676 (1978). Plaintiffs argue RCW 43.20.050(5), on which their claims are

predicated, both establishes a duty of care to particular persons, and presents evidence of such "clear intent." That subsection provides, in relevant part, that "[a]ll local boards of health . . . shall enforce all rules adopted by the state board of health." Such rules presumably include WAC 246-366-140, which provides that "[t]he existence of unsafe conditions which present a potential hazard to occupants of the school are in violation of these regulations." According to Plaintiffs, the law "identifies and protects" a circumscribed class of persons—occupants of a school—justifying the legislative intent exception to the public duty immunity that the Monsanto Defendants claim applies here.

Second, Plaintiffs assert that their claims also survive under the failure-to-enforce exception to the public duty doctrine, which applies "where governmental agents responsible for enforcing statutory requirements possess actual knowledge of a statutory violation, fail to take corrective action despite a statutory duty to do so, and the plaintiff is within the class the statute intended to protect." *Bailey v. Town of Forks*, 108 Wn. 2d 262, 268 (citations omitted). Plaintiffs have alleged that SHD possessed actual knowledge of the presence of PCBs at Sky Valley long before it took remedial action. *See, e.g.,* FAC ¶¶ 5.124-5.125.

The parties disagree at length whether either of these two exceptions apply, and whether the public duty doctrine shields SHC from liability. The only question currently before this Court, however, is whether the claims against SHD must fail *as a matter of "settled law."* The Court addresses that question next.

*3. Whether Applicability of Public Duty Doctrine is "Obvious According to Settled Law"*

As noted above, joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *See Hamilton Materials, Inc*., 494 F.3d at 1206 (citation omitted). Thus, the question before the

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND- 6
*Erickson, et al. v. Monsanto Company, et al.,* No. 2:18-cv-01793 BJR

Court is whether the applicability of the public duty doctrine under the instant circumstances is "obvious according to the settled rules" of Washington law.

The Monsanto Defendants claim that the issue of whether the public duty doctrine applies to bar Plaintiffs' claims against SHD is a matter of "settled law." In their response to the Motion to Remand, however, the Monsanto Defendants devote nearly 10 pages to analysis of the public duty doctrine and the exceptions to it that Plaintiffs claim. Plaintiffs' briefing adds another dozen or so pages to the discussion. This is not a matter of the mechanical application of a statute of limitations—the rare defense that the Ninth Circuit has recognized supports a finding of fraudulent joinder. *Cf. Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319–20 (9th Cir. 1998) ("[T]he statute of limitations is a kind of procedural bar, and not one which relates to the merits of the case. . . . [I]t appears perfectly clear [from plaintiff's pleading] that the statute of limitations is a defense."); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). In removing this case on a charge of fraudulent joinder, Defendants are asking this Court to conduct a relatively substantial evaluation of a multi-pronged state-law doctrine which, moreover, has given rise to numerous exceptions, at least two of which Plaintiffs claim apply here. This is just the type of inquiry into the substance of state-law claims that the Ninth Circuit has cautioned against at this stage. See *Hunter*, 582 F.3d at 1046 (holding that an implied preemption affirmative defense was not a permissible ground for finding fraudulent joinder); *see also Ritchey*, 139 F.3d at 1319 ("[W]hen the defense is exogenous to the cause of action itself, it will not turn a state action into a federal one."). As these cases highlight, while a defendant may raise an affirmative defense to demonstrate that a non-diverse defendant has been fraudulently joined, that defense must be obvious from the face of the pleadings, and be available as a matter of mechanical application. *See Grancare, LLC*, 889 F.3d at 548-49 (Ninth Circuit has "declined

to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal.").

The Monsanto Defendants cite a recent ruling by the King County Superior Court in *Bard v. Monsanto*, one of the several materially identical cases proceeding in state court against the same Defendants in this case, based on the same operating set of facts as this one. *See Bard v. Monsanto Company*, Decision on Defendant Snohomish Health District's Motion for Summary Judgment, 18-2-0001-7SEA, attached as Ex. E. to the Declaration of Jennifer Campbell, Dkt. No. 24. On December 21, 2018, that court granted summary judgment and dismissed SHD. The court rejected the same argument Plaintiffs make here—that RCW 43.20.050 and related regulations evidence an intent to protect a circumscribed class of persons—and found that the public duty doctrine bars the plaintiffs' claims against the public entity defendants. *Id*. Plaintiffs in *Bard* have appealed that ruling to the Washington Court of Appeals. *See* Notice of Appeal, Ex. 7 to Declaration of Sean Gamble, Dkt. No. 37.

The Superior Court's summary judgment ruling in *Bard* does not alter this Court's analysis. The Monsanto Defendants posit that the *Bard* ruling is conclusive evidence that Plaintiffs' joinder of SHD was fraudulent. This is incorrect. First and most crucially, the Ninth Circuit has recently addressed nearly this very issue. What may ultimately prove on the merits to be an unsuccessful claim requiring dismissal is not judged by the same standard as a claim against allegedly sham defendants for purposes of a fraudulent joinder inquiry. *See Grancare,* 889 F.3d at 549 ("[T]he test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. A claim against a defendant may fail under Rule 12(b)(6), but that

defendant has not necessarily been fraudulently joined."). The Monsanto Defendants fail entirely to acknowledge, let alone distinguish, the *Grancare* holding.

Furthermore, the ruling in *Bard* is now on appeal. *See* Gamble Decl., Ex. 7. This Court is not prepared to predict what the outcome of that appeal will be, or even say with any degree of certainty that the law on this appeal is "settled." On the contrary, the contours and continuing viability of the public duty doctrine, and its several exceptions, appear to be hotly contested, both generally and in this case in particular. *See, e.g. Bailey*, 108 Wn. 2d at 264, 267 ("[T]he wisdom and continued viability of the public duty doctrine remains a subject of debate . . . Close inspection of the doctrine and its myriad exceptions may well reveal that the exceptions have virtually consumed the rule."). It is worth noting that in *Halvorson v. Dahl*, the case cited as establishing the legislative intent exception, the plaintiffs' claims against the City of Seattle were also initially dismissed by the trial court on a 12(b)(6) motion, before being reinstated by the Washington Supreme Court on appeal. 89 Wn. 2d 673, 674 (1978). Simply put, dismissal at the trial court level is not necessarily probative of what is "settled law."

Ninth Circuit law is clear: a federal court is to find fraudulent joinder only under highly limited circumstances, and resolve any doubts in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). The relevant inquiry is into the obvious sufficiency of the claim on the face of the complaint. In this case, it is not apparent from the face of the complaint that Plaintiffs' claims against SHD are without merit. Indeed, it is only the affirmative defense—that the public duty doctrine immunizes SHD from liability—that would, if established, defeat Plaintiffs' claims. But evaluation of this affirmative defense, and whether exceptions to that affirmative defense apply, requires several layers of inquiry into the merits of Plaintiffs' claims.

This level of inquiry may be appropriate on a motion to dismiss, but not in an evaluation of a claim of fraudulent joinder. *Grancare*, 889 F.3d at 549.

Finally, the Court is persuaded that asserting jurisdiction over this case, while virtually identical cases proceed in state court, poses a threat of unfairly inconsistent judgments. As Plaintiffs point out, the Superior Court's decision on the viability of SHD's public duty defense may yet be reversed on appeal. Plaintiffs in those cases that were not removed would presumably at that point be able to proceed against SHD, while the Plaintiffs in this case, if it is not remanded, could not. Given the lack of support for a finding of fraudulent joinder, the risk of inconsistent judgments is not one the Court deems worth taking.

C. <u>Whether Union Was Fraudulently Joined</u>

The sole basis for the Monsanto Defendants' claim that Union was fraudulently joined is that, simply put, it "does not even exist." Monsanto Defs.' Opp. to Mot. to Remand at 2. According to testimony provided by these Defendants, Union "was one of several [school] districts that in the 1940s became Monroe School District No. 103 [] and subsequently ceased to exist." Declaration of John Mannix, Dkt. No. 31, ¶ 4. Plaintiffs allege and provide evidence, however, that Union owned the Sky Valley property during the time period relevant to this lawsuit, until perhaps as recently as 2018. *See* FAC, ¶ 5.107 ("the tax accessor records identify the property as belonging to Union High School District 402."); Gamble Decl., ¶ 6; Ex. 9.

The Monsanto Defendants' proffered evidence may support their assertion that Union no longer exists. Plaintiffs, however, allege that it has existed, particularly during the relevant time period. As the Ninth Circuit has repeatedly cautioned, on a motion to remand, all questions of fact must be resolved in plaintiff's favor. *See supra*, III.A. As an independent grounds for

granting Plaintiffs' Motion to Remand, the Court finds that under the facts as Plaintiffs allege, the non-diverse defendant Union was not fraudulently joined.

D. <u>Whether Plaintiffs Are Entitled to an Award of Attorneys' Fees</u>

Under 28 U.S.C. § 144(c), "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 144(c). The test for awarding attorneys' fees is whether it was objectively reasonable for defendant to remove the case to federal court. *See Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id*.at 136. "Removal is not objectively unreasonable 'solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted.'" *Grancare*, 889 F.3d at 552, quoting *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiffs request an award of their fees associated with removal. Other than the conclusory assertion that "Monsanto lacks a reasonable basis" for removing this case, however, Plaintiffs fail to provide evidence of bad faith, or substantive argument or authority supporting a finding that removal was frivolous. *See Lussier*, 518 F.3d at 1066 (characterizing removal in *Patel v. Del Taco, Inc*., 446 F.3d 996, 999 (9th Cir. 2006), in which appellate court affirmed award of fees, as "frivolous"). Although removal is not appropriate in this case, it was also not "objectively unreasonable" for the Monsanto Defendants to argue it was. The Court therefore declines to award Plaintiffs the requested fees.

///
///

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to remand to King County Superior Court.

Signed this 12th day of February, 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge